# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.    CV 12-10987 JVS (SS) | Date: January 25, 2013 |
| | Page 1 of 5 |

Title:    Fredrick Luna v. J. Soto, Warden

**DOCKET ENTRY: ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Jacob Yerke | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:   ATTORNEYS PRESENT FOR RESPONDENT:

   None Present                                                  None Present

**PROCEEDINGS: (IN CHAMBERS)**

On December 18, 2012, Fredrick Luna ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.[1] However, the Petition appears to be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). Under 28

---

[1] The Court refers to the pages of the Petition as if they were consecutively paginated. Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Petition was signed on December 18, 2012. (Petition at 8). Therefore, the Court will deem the Petition filed on that date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 12-10987 JVS (SS)                         Date: January 25, 2013
                                                         Page 2 of 5

Title:    Fredrick Luna v. J. Soto, Warden

U.S.C. § 2244(d)(1), state prisoners have one year in which to file their federal habeas petitions. Generally, the one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A conviction becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where a petitioner files a state habeas petition before direct review has concluded, the § 2244(d) statute of limitations begins running the day after the denial of that petition. Campbell v. Henry, 614 F.3d 1056, 1059 n.1 (9th Cir. 2010). Here, Petitioner filed his first state habeas petition before his conviction became final on direct review. (See Petition at 2-3). According to Petitioner, Petitioner's first state habeas petition was denied by the Los Angeles Superior Court on October 4, 2010. (Petition at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 12-10987 JVS (SS)                          Date: January 25, 2013
                                                          Page 3 of 5

Title:     Fredrick Luna v. J. Soto, Warden

Assuming that petition was properly filed, the § 2244(d) statute of limitations began running the next day, October 5, 2010.  Campbell, 614 F.3d at 1059 n.1.  Plaintiff had 365 days from that date to file his federal habeas petition.  Id.  However, Plaintiff filed the instant Petition on December 18, 2012.  Absent tolling, the instant Petition is thus untimely by one year, two months, and thirteen days.

   AEDPA provides a statutory tolling provision that suspends the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), if the petition was timely filed according to state law.  Evans v. Chavis, 546 U.S. 189, 193, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).  A petition is timely if there is no unexplained filing delay substantially in excess of the thirty to sixty days that most states allow for filing habeas petitions.  See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011).  Further, the Ninth Circuit has explained that gaps as short as eighty-one and ninety-one days between filings are unreasonable.  See id. at 968.

   Here, Petitioner's first state habeas petition was denied on October 4, 2010. (Petition at 4).  Eighty-five days later, on December 28, 2010, Petitioner filed a petition before the California Court of Appeal.  See California Appellate Courts Case Information Website, Second Appellate District, Case No. B229752, http://appellatecases.courtinfo.ca.gov.  This gap is unreasonable.  See Velasquez 639 F.3d at 968 (holding an eight-one day gap unreasonable because it is "nearly a full month beyond the deadline in most states").  Therefore, it does not appear that Petitioner's Court of Appeal petition was timely filed.  Plaintiff thus does not appear entitled to statutory tolling.  Accordingly, it appears that the limitations period continued to run between when the Los Angeles Superior Court denied his petition and when he filed his petition with the California Court of Appeal.

   Petitioner also does not appear entitled to statutory tolling for the ninety-eight day gap between when the California Court of Appeal denied Petitioner's second state habeas petition and when Petitioner filed a third state habeas petition on August 12, 2011.  See California Appellate Courts Case Information Website, Supreme Court, Case No. S195643, http://appellatecases.courtinfo.ca.gov.  Again, gaps substantially in excess of thirty to sixty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 12-10987 JVS (SS) | Date: January 25, 2013 |
| | | Page 4 of 5 |

Title: Fredrick Luna v. J. Soto, Warden

days are unreasonable. See Velasquez 639 F.3d at 968. It thus appears that Plaintiff failed to timely file his petition before the state supreme court, allowing the statute of limitations to run until Petitioner filed the instant Petition. As explained above, if Petitioner is not entitled to statutory tolling, the instant Petition is untimely by one year, two months, and fourteen days.

Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). However, it appears that even if Petitioner were somehow able to establish that he is entitled to tolling from the time he filed his habeas petition with the California Court of Appeal to the time the California Supreme Court denied his subsequent petition, the instant Petition would remain untimely. The California Supreme Court denied Petitioner's final state petition on August 12, 2011. See California Appellate Courts Case Information Website, Supreme Court, Case No. S195643, http://appellatecases.courtinfo.ca.gov. Petitioner then waited eleven months and twenty-seven days to file the instant Petition on December 18, 2012. As discussed above, Petitioner did not file his petition with the California Court of Appeal until two months and twenty-three days after the Los Angeles Superior Court denied his first state habeas petition. Accordingly, even if Petitioner were entitled to statutory tolling from the time he filed his habeas petition with the California Court of Appeal to the time the California Supreme Court denied his subsequent petition, it appears that the instant Petition would be untimely by nearly three months.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 12-10987 JVS (SS) | Date: January 25, 2013 |
| | Page 5 of 5 |

Title:     Fredrick Luna v. J. Soto, Warden

    For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one year period of limitation.  Petitioner is advised to inform the Court of any reason that he may be entitled to statutory or equitable tolling.

    **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

    **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.**  <u>See</u> **Fed. R. Civ. P. 41(b).**

    The Clerk of the Court is directed to serve a copy of this Order on Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                                                           Initials of Deputy Clerk ___